UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11979-GAO

JAYLIMAR NATAL-LUGO, individually and as Special Personal Representative of the ESTATE OF LARRY RUIZ BARRETO, and as Conservator of and on behalf of her and the decedent's minor child, L.A.R-L; DEMIX RUIZ, individually, and as co-Special Personal Representative of the ESTATE OF LARRY RUIZ BARRETO; LESLIE LUGO; JONATHAN RUIZ-HERNANDEZ; MIGUEL SANCHEZ; and JOSE RUIZ-HERNANDEZ,
Plaintiffs,

v.

CITY OF FALL RIVER; IAN SCHACHNE, in his capacity as Treasurer of the City of Fall River; JASIEL CORREIA, in his individual capacity and official capacity as Mayor of Fall River 2015–2019; FALL RIVER POLICE DEPARTMENT; Police Officers NICHOLAS HOAR, DANIEL RACINE, ALBERT DUPERE, ALLAN CORREIRO, MICHAEL PESSOA, DEREK OAGLES, MICHAEL SILVIA, ROSS AUBIN, TYLER PAQUETTE, SEAN AGUIAR, BRENDEN MCNEMEY, PETER DALUZ, JENNIFER DELEON, THOMAS ROBERTS, JOHNATHAN DESCHENES, DAVID MCELROY, SERGEANT GREGORY BELL; and JOHN DOES 1–25, in their individual capacities and official capacities,
Defendants.

ORDER
March 16, 2023

O'TOOLE, D.J.

The defendant Jasiel Correia, Mayor of Fall River at the time of the incidents underlying this lawsuit, moves to dismiss the plaintiffs' claims against him.[1] The plaintiffs allege that Correia "was responsible for the City's administration and policy-making . . ., including the policies and procedures described herein and for their enforcement." (Second Am. Compl. ¶ 15 (dkt. no. 78).) They further allege that they "are informed and believe" that the "Defendant City of Fall River, by

---

[1] The plaintiffs' Second Amended Complaint contains sixteen separate counts, several of which do not clearly specify the defendant(s) to whom they apply. (See, e.g., Second Am. Compl. ¶¶ 150–51 (referencing both "Defendant police officers and DOES 1 – 25" and "Defendants and DOES 1 – 25").) Nevertheless, the plaintiffs bring at least Counts I-A, VIII, and X–XV against Correia.

and through its supervisory employees and agents" such as Correia, failed to "adequately hire, train, retain, supervise, and discipline its police officers." (Id. ¶¶ 75–81.) That failure, according to the plaintiffs, "demonstrates the existence of an entrenched culture, policy, or practice of promoting, tolerating, and/or ratifying with deliberate indifference" various constitutional violations. (Id. ¶¶ 77, 193–200.)

"[A] supervisor may not be held liable for the constitutional violations committed by his or her subordinates, unless there is an 'affirmative link between the behavior of a subordinate and the action or inaction of his supervisor . . . such that the supervisor's conduct led inexorably to the constitutional violation.'" Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 533 (1st Cir. 2011) (quoting Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011)). Moreover, the supervisor's action or inaction must demonstrate "deliberate indifference toward the rights of third parties." Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009).

The plaintiffs' conclusory allegations fall far short of the requisite affirmative link. The Second Amended Complaint "does not provide facts regarding what [Correia] is alleged to have known when, nor does it specify how he is alleged to have known it, or how he somehow personally caused" the alleged violations. Soto-Torres, 654 F.3d at 158, 160. Here, as in Sanchez v. Pereira-Castillo, the "deliberate indifference required to establish a supervisory liability/failure to train claim cannot plausibly be inferred from the mere existence of a poorly-implemented . . . policy and a bald assertion that the [plaintiffs' injuries] somehow resulted from those policies." 590 F.3d at 50; see also Feliciano-Hernández, 663 F.3d at 534 (finding allegations that the defendants "failed in their duty to assure adequate monitoring, disciplining, evaluating, training and supervising any and all personnel under their charge" to be "exactly the sort of 'unadorned, the-defendant-unlawfully-harmed-me accusation[s]' that both we and the Supreme Court have

3

found insufficient") (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). Correia's Motion to Dismiss Plaintiffs' Second Amended Complaint (dkt. no. 83) is therefore GRANTED.

It is SO ORDERED.

<u>/s/ George A. O'Toole, Jr.</u><br>United States District Judge