UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11979-GAO

JAYLIMAR NATAL-LUGO, individually and as Special Personal Representative of the ESTATE OF LARRY RUIZ BARRETO, and as Conservator of and on behalf of her and the decedent's minor child, Plaintiff L.A.R-L; DEMIX RUIZ, individually, and as co-Special Personal Representative of the ESTATE OF LARRY RUIZ BARRETO; LESLIE LUGO; JONATHAN RUIZ-HERNANDEZ; MIGUEL SANCHEZ; and JOSE RUIZ-HERNANDEZ,
Plaintiffs,

v.

CITY OF FALL RIVER; IAN SCHACHNE, in his capacity as Treasurer of the City of Fall River; JASIEL CORREIA, in his individual capacity and official capacity as Mayor of Fall River 2015–2019; FALL RIVER POLICE DEPARTMENT; Police Officers NICHOLAS HOAR, DANIEL RACINE, ALBERT DUPERE, ALLAN CORREIRO, MICHAEL PESSOA, DEREK OAGLES, MICHAEL SILVIA, ROSS AUBIN, TYLER PAQUETTE, SEAN AGUIAR, BRENDEN MCNEMEY, PETER DALUZ, JENNIFER DELEON, THOMAS ROBERTS, JOHNATHAN DESCHENES, DAVID MCELROY, SERGEANT GREGORY BELL; and JOHN DOES 1–25, in their individual capacities and official capacities,
Defendants.

ORDER
March 16, 2023

O'TOOLE, D.J.

Fall River Police Officer Allan Correiro moves to dismiss Count III of the Second Amended Complaint, alleging "Conspiracy to Violate Decedent's Rights." (Second Am. Compl. ¶¶ 149–51 (dkt. no. 78).) That count, purportedly based on 42 U.S.C. §§ 1983, 1985, and 1986, alleges that Correiro, among other defendants, "conspired to violate decedent's federal civil rights to be free from unreasonable seizures and excessive and/or arbitrary force," "attempt[ed] to . . . to deprive Plaintiffs of their right of access to the courts seek redress," and "violated the Plaintiff's right to due process by withholding, concealing, suppressing, and/or destroying material evidence." (Id.)

Count III fails to state a claim. To the extent the claim relies on § 1983, it does not allege that Correiro formed an agreement with any other police officer to deprive any plaintiff of any identified right. "[C]onclusory allegations of conspiracy' cannot support a section 1983 claim." Brennan v. Hendrigan, 888 F.2d 189, 195 (1st Cir. 1989) (quoting Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977)).

To the extent the allegations of Count III purport to arise under §§ 1985 or 1986, they fail to state a plausible claim. To state a claim under either section, a plaintiff must plead "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Perez-Sanchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008) (affirming dismissal of a § 1985(3) claim); Maymi v. P.R. Ports Auth., 515 F.3d 20, 31 (1st Cir. 2008) (ruling that without a § 1985 conspiracy, a plaintiff "has no claim under § 1986"). There is no specific allegation of discriminatory animus on the part of Correiro. His Motion to Dismiss Plaintiffs' Second Amended Complaint under Rule 12(b)(6) (dkt. no. 85) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge