UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JALYMAR NATAL-LUGO, et al., Plaintiffs, v. CITY OF FALL RIVER, et al., Defendants. | Civil Action No. 20-11979-GAO |

ORDER ON PLAINTIFFS' SECOND MOTION TO FILE THIRD AMENDED COMPLAINT
[Docket No. 183]

November 4, 2024

Boal, M.J.

Plaintiffs have filed a second motion to file a third amended complaint. Docket No. 183.[1] For the following reasons, this Court denies the motion.[2]

I. RELEVANT BACKGROUND

On November 3, 2020, the Plaintiffs filed this action against the City of Fall River and several of its officials and police officers. Docket No. 1. The Plaintiffs allege, inter alia, violations of their constitutional and civil rights in connection with the shooting death of Larry

[1] On November 17, 2024, Judge O'Toole referred this case to the undersigned for full pretrial management. Docket No. 179; see also Docket No. 187.

[2] In this district, courts have found that a motion to amend is a non-dispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure. See Trustees of Bos. Univ. v. Everlight Elecs. Co., C.A. No. 12-11935-PBS, Docket No. 883 (D. Mass. Oct. 10, 2014); see also Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993).

Ruiz-Barreto by a Fall River police officer on November 12, 2017, and a subsequent altercation between Ruiz-Barreto's family and friends and the police. See generally Docket No. 78.

In response to the original complaint, Defendants answered or moved to dismiss. See Docket Nos. 57-61, 63, 65. While the motions to dismiss were pending, Plaintiffs moved to amend the complaint. Docket No. 69. Judge O'Toole granted the motion to amend and denied the motions to dismiss as moot. Docket No. 72.

Plaintiffs filed an amended complaint on March 31, 2022. Docket No. 75. On April 4, 2022, the Plaintiffs again filed a motion to amend the complaint, which Judge O'Toole granted on April 25, 2022. Docket Nos. 76, 77. On the same date, Plaintiffs filed their Second Amended Complaint, which remains the operative complaint. Docket No. 78.

Over two years later, on May 29, 2024, the Plaintiffs filed a motion to file a Third Amended Complaint. Docket No. 155. Among other things, the proposed Third Amended Complaint sought to add eight new defendants to the action. See id. Defendant City of Fall River opposed the motion to amend. Docket No. 158. The City argued that the proposed Third Amended Complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure; that the request was untimely; that the proposed Third Amended Complaint attempted to revive claims that Judge O'Toole had previously dismissed; that the proposed Third Amended Complaint did more than the Plaintiffs claimed it did; and that the proposed amendments were futile. See id. Plaintiffs filed a reply on July 3, 2024. Docket No. 162. On July 29, 2024, Judge O'Toole denied the motion "[f]or the reasons articulated in the defendants' opposition brief." Docket No. 169.

On September 23, 2024, the Plaintiffs filed the instant motion. Docket No. 183. Defendant City of Fall River filed an opposition on October 15, 2024. Docket No. 192. Plaintiffs filed a reply on October 31, 2024. Docket No. 202.

II. ANALYSIS

Though the Plaintiffs do not frame it as such, their motion is actually a motion for reconsideration of Judge O'Toole's order denying their prior motion to file a Third Amended Complaint. In order to prevail on a motion for reconsideration, "a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." Caribbean Mgmt. Group, Inc. v. Erikon LLC, 966 F.3d 35, 44-45 (1st Cir. 2020) (quoting Ira Green, Inc. v. Military Sales & Serv. Co., 775 F.3d 12, 28 (1st Cir. 2014)). "A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006) (quoting Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005)).

The Plaintiffs' motion is largely premised upon the same arguments upon which they relied in support of their prior motion to amend the complaint, which were considered and rejected by Judge O'Toole. Among other things, Plaintiffs argued then, and argue again now, that their proposed amendments are based on newly discovered evidence that they were unable to obtain due to Defendants' actions. Compare Docket No. 156 at 4-7 with Docket No. 184 at 15-16. To the extent that they rely on recent depositions, taken after the prior motion was filed, see Docket No. 184 at 3-4, they have pointed to no new information revealed by those depositions.

They state that the recent depositions revealed that the investigators (including the proposed eight new defendants) failed to investigate evidence, conduct interviews, disregarded evidence of misconduct, and overlooked multiple policy violations. Id. at 3. Those same allegations, however, were already cited as grounds for their prior motion to amend the complaint. See Docket No. 156 at 7. They also point to certain documents, but by their own admission, those documents were produced on December 3, 2023, almost six months before they filed the prior motion to amend. See Docket No. 184 at 3.

Plaintiffs have also failed to address the futility of the proposed Third Amended Complaint. Finally, to the extent that they argue that the First Circuit's decision in Trindade v. Grove Services, Inc., 91 F.4th 486 (1st Cir. 2024) reflected an intervening change in the law, that case was decided on January 12, 2024, more than five months before the Plaintiffs first moved for leave to file a Third Amended Complaint. Accordingly, this Court finds that the Plaintiffs have failed to show that Judge O'Toole's prior decision denying their motion to amend was in error or should be disturbed.

## III. ORDER

For the foregoing reasons, this Court denies the Plaintiffs' motion for leave to file a Third Amended Complaint. This Court declines to award attorney's fees to the City of Fall River.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge