**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JAYLIMAR NATAL-LUGO, et al. | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No.:  20-CV-11979-GAO |
| | : | |
| CITY OF FALL RIVER, et al., | : | |
|     Defendants. | : | |
| | : | |

## DEFENDANT CITY OF FALL RIVER'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant City of Fall River (hereafter and throughout the supporting material referred to as "the City"), respectfully requests that this Court enter summary judgment in its favor.  As the generalized foundation for this request, the City states that the summary judgment record, cast against the legal framework that governs the claims, renders summary disposition in its favor appropriate.  In further support of this request, the City refers the Court to the memorandum of law in support of this motion as well as the statement of facts that accompanies this motion.

Mindful of this Session's Standing Order concerning summary judgment filings, with its focus on the efficiency of presentation, the statement of facts supporting the City's motion has been combined with the statement of facts in support of Dupere's motion for summary judgment. Dupere and the City of Fall River are moving separately for summary judgment because federal civil rights supervisory and municipal liability theories may be similar in some respects, but not in all, and separate motions with supporting motions and memoranda are appropriate.  With regard to the summary judgment record itself, while, as Dupere's principal memorandum notes, the federal civil rights supervisory liability theory only may be evaluated as to Dupere based upon his own conduct, the federal civil rights municipal liability theory for the City may be

1

evaluated across an expanse of supervisors, administrations or personnel.  In other words, as usually is the case, a civil rights claims against a municipality stakes a broader factual swath than does a supervisory liability claim.  At the same time, there usually is, and is here, some degree of record overlap as between the supervisor and the municipality.  Accordingly, in order to avoid something like the repetitious exhibits that this Court understandably wishes to avoid in summary judgment motion practice, an omnibus statement of facts, while ever cognizant that facts that might be material as to the claim against the City may be entirely immaterial as to the supervisory liability theory as to Dupere, should contribute to a more efficient arrangement.

The City joins in Dupere's motion and supporting memorandum.  In compliance with this Court's directive, below is a descriptive table of contents for the exhibits to this motion practice.

## DESCRIPTIVE TABLE OF CONTENTS FOR EXHIBITS

Attachment A:  Affidavit of Albert Dupere;

Attachment B:  Fall River Police Department professional standards material from 2014 to 2018;

Attachment C:  Fall River Police Department disciplinary histories for retired or separated officers;

Attachment D:  Fall River Police Department disciplinary material for officers;

Attachment E:  Report of the Bristol County District Attorney concerning the officer-involved shooting of Larry Ruiz-Barreto;

Attachment F:  Policy C02-12 (Written Directive System) for the Fall River Police Department;

Attachment G:  Shooting Investigation Team report;

Attachment H:  Shooting Review Board sign-in sheet;

Attachment I:  Memorandum from Deputy Chief Wayne Furtado to Chief Albert Dupere concerning the Shooting Review Board;

Attachment J:  Employment cards for individual defendant officers;

Attachment K:  Employment records for Sean Aguiar;

Attachment L:  Employment records for Ross Aubin;

Attachment M:  Employment records for Peter DaLuz;

Attachment N:  Employment records for Jennifer DeLeon;

Attachment O:  Employment records for John Deschenes;

Attachment P:  Employment records for Albert Dupere;

Attachment Q:  Employment records for Nicholas Hoar;

Attachment R:  Employment records for David McElroy;

Attachment S:  Employment records for Brendan McNerney;

Attachment T:  Employment records for Derek Oagles;

Attachment U:  Employment records for Michael Pessoa;

Attachment V:  Employment records for Thomas Roberts;

Attachment W:  Employment records for Michael Silvia, Jr.; and,

Attachment X:  Deposition transcript for Dr. George Kirkham.

DEFENDANT CITY OF FALL RIVER,
By his attorney,

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini, BBO #:  654690
Vigliotti, Gambaccini & Akerson, P.C.
4 Lancaster Terrace
Worcester, MA 01609
508.686.0979
agambaccini@vgalawpc.com

4

## CERTIFICATE OF COMPLIANCE WITH LR, D.MASS. 7.1

Counsel for the defendants hereby certifies that a good faith attempt to resolve or to narrow the issue(s) presented by this motion has been made pursuant to LR, D.Mass. 7.1. Specifically, on January 28, 2026, counsel for the parties participated in a conference call regarding contemplated dispositive motions. Counsel agreed to the dismissal of claims against two named defendants but that motion practice on the remaining claims and parties would be necessary. This motion follows.

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, as well as the accompanying memorandum of law and statement of facts, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy will be served upon those indicated on the Notice as unregistered participants on February 2, 2026.

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini

5