UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 1:20-cv-11979 GAO

JAYLIMAR NATAL-LUGO, et al.,

     Plaintiffs,

     v.

CITY OF FALL RIVER, et al.,

     Defendants.

**DEFENDANT NICHOLAS HOAR'S MOTION FOR SUMMARY JUDGMENT**

Officer Nicholas Hoar moves for summary judgment because he is protected by qualified immunity. His use of deadly force was reasonable because the decedent, Larry Ruiz-Barreto, drove an Acura at him. This caused Officer Hoar to go onto the hood of the moving car and fear that he would be killed. The First Circuit is clear that deadly force is reasonable where a police officer's choices are "shoot or risk being run over" because "a car can be used as a deadly weapon." *McGrath v. Tavares*, 757 F.3d 20, 28 (1st Cir. 2014).

This case stems from Officer Hoar's fatal shooting of Mr. Ruiz-Barreto. On November 12, 2017, Officer Hoar responded to a 911 high priority call for "possible" shots fired, firearms and fighting at the scene of an illegal drag race on public streets. Officer Hoar tried to investigate by speaking with the occupants of the Acura. But the decedent shifted his car into drive and drove forward at the officer, causing him to go onto the hood of the now moving car. Fearing for his life that he would fall off and be run over, Officer Hoar put his firearm against the windshield and fired six ultimately fatal shots.

1

From this incident, the Estate of Larry Ruiz-Barreto asserts an assortment of claims against Officer Hoar challenging his attempted investigatory stop and subsequent use of deadly force.

But all of these claims fail as a matter of law because Officer Hoar is protected by qualified immunity. Not only did he not violate the decedent's constitutional rights, but the law was not clearly established in the context of this case that his actions would violate the Constitution.

Regarding the attempted investigatory stop, the Fourth Amendment was not implicated because the decedent did not yield to the officer's show of force. And throughout the encounter, Officer Hoar had reasonable suspicion to stop the Acura.

Most critically, Officer Hoar's use of deadly force was justified because the decedent put the officer's life in jeopardy by driving the Acura at him and causing him to go onto the hood of the moving car.

The Estate also cannot meet its heavy burden to show that the constitutional rights at issue were clearly established at the time of the incident, November 12, 2017. Indeed, the controlling legal authority is that police officers may use deadly force if there is a risk they may be run over by a car. *McGrath v. Tavares*, 757 F.3d at 28.

Summary judgment should therefore enter in Officer Hoar's favor as to all of the Estate's hodgepodge of claims asserted against him.

For these reasons, and those more fully articulated in Officer Hoar's Memorandum of Law, this Court should allow his Motion for Summary Judgment in its entirety and enter judgment in his favor.

[signatures on following page]

Respectfully submitted,
The Defendant,
Nicholas Hoar,
By his attorneys,

*/s/ Thomas R. Donohue*
Thomas R. Donohue, BBO# 643483
Christina Bonelli, BBO# 698709
BRODY, HARDOON, PERKINS & KESTEN, LLP
265 Franklin Street, 12th Floor
Boston, MA 02110
(617) 880-7100
tdonohue@bhpklaw.com
nbonelli@bhpklaw.com

DATED: February 2, 2026

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that I have conferred with counsel for the Plaintiffs in a good faith attempt to discuss this matter. Specifically, on January 28, 2026, counsel for the parties participated in a conference call regarding contemplated dispositive motions. The Plaintiffs' attorney agreed to the dismissal of claims against two named Defendants, but we were not otherwise able to resolve or narrow the issues raised by the Defendant in this motion.

*/s/ Thomas R. Donohue*
Thomas R. Donohue, BBO# 643483

DATED: February 2, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

*/s/ Thomas R. Donohue*
Thomas R. Donohue

DATED: February 2, 2026