UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAYLIMAR NATAL-LUGO, individually and as
Special Personal Representative of the
ESTATE OF LARRY RUIZ-BARRETO, et al.,
  *Plaintiffs,*

v.           C.A. No. 1:20-cv-11979-GAO

CITY OF FALL RIVER, et al.,
  *Defendants.*

**PLAINTIFFS' EMERGENCY MOTION TO STRIKE OR EXCLUDE DEFENDANTS'
LATE EXPERT-EXCLUSION MOTIONS FROM CONSIDERATION IN
CONNECTION WITH SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, TO
DEFER THOSE MOTIONS UNTIL AFTER SUMMARY JUDGMENT
AND ENTER A FAIR BRIEFING ORDER**

Plaintiffs respectfully move, pursuant to Fed. R. Civ. P. 1, 6(b), 7(b), 16(b)(4), 56(c),

56(e), and 56(f), Fed. R. Evid. 702 and 103, Local Rules 7.1, 16.1, and 56.1, and this Court's

Standing Order Re: Briefing of Summary Judgment Motions, for an order striking or excluding

Defendants' late expert-exclusion motions, Docket Nos. 308, 310, 312, and 314, from

consideration in connection with the pending motions for summary judgment. In the alternative,

Plaintiffs request that the Court deem those motions untimely dispositive or summary-judgment-

impacting motions, treat them as trial motions only, defer them until after summary judgment,

and prohibit Defendants from using any July 17, 2026 "impact statement" to reopen, supplement,

or rewrite the closed summary-judgment record.

As grounds for this motion, Plaintiffs state as follows:

1. On August 20, 2025, the Court entered an Amended Scheduling Order pursuant to Fed.
R. Civ. P. 16(b) and Local Rule 16.1(f). Docket No. 234. That order required Plaintiffs'
trial expert disclosures by September 30, 2025, Defendants' trial expert disclosures by
October 30, 2025, expert depositions by December 1, 2025, and dispositive motions by
January 5, 2026. Docket No. 234 at 1-2.

1

2. The Amended Scheduling Order expressly stated that "[n]o further extensions of the scheduling order deadlines shall be granted absent extraordinary circumstances." Docket No. 234 at 1. It further provided that the scheduling order could be modified "only by court order, and only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record." Docket No. 234 at 2.

3. On December 23, 2025, the Court entered an order requiring Dr. George Kirkham to appear for deposition on January 12, 2026, extending the dispositive-motion deadline to February 2, 2026, requiring oppositions to dispositive motions within thirty days after filing, and again warning that "NO FURTHER EXTENSIONS WILL BE GRANTED." Docket No. 259.

4. Defendants knew before the February 2, 2026 dispositive-motion deadline that Plaintiffs' police-shooting expert evidence was central to summary judgment. Indeed, on December 5, 2025, Defendants filed a motion seeking an order to take Dr. Kirkham's deposition "or in the Alternative, Strike Plaintiffs' Expert Witness." Docket No. 256. The Court resolved that expert-discovery dispute on December 23, 2025, ordered Dr. Kirkham to appear for deposition, extended the dispositive-motion deadline to February 2, 2026, and warned that no further extensions would be granted. Docket No. 259. Defendants therefore had both notice and opportunity to file any dispositive or summary-judgment-impacting expert-exclusion motion by February 2, 2026.

5. On February 2, 2026, the parties filed motions for summary judgment. Docket Nos. 261, 266, 269. The summary-judgment record was thereafter litigated through opposition briefing, reply briefing, corrected Rule 56.1 materials, and permitted sur-replies. See Docket Nos. 278, 279, 280, 286, 287, 291, 293, 294, 296-300, 304, 305.

6. On June 24, 2026, the Court set the summary-judgment motions for oral argument on July 29, 2026. Docket No. 306.

7. Two days later, on June 26, 2026, Defendants filed their motion to exclude Plaintiffs' police-practices expert Dr. George Kirkham. Docket Nos. 308, 309.

8. On July 10, 2026, Defendants filed additional motions to exclude Plaintiffs' experts Thomas Hunt, Donald L. Mong, and Dr. Alexander Chirkov. Docket Nos. 310, 312, 314. These motions seek exclusion of Plaintiffs' experts after summary-judgment briefing had closed, after corrected Rule 56.1 materials had been filed, after sur-replies had been allowed and filed, and after the Court had set summary-judgment argument.

9. The late expert motions are dispositive in substance if Defendants seek to use them at summary judgment. Dr. Kirkham is Plaintiffs' Monell and police-practices expert. Mong, Chirkov, and Hunt are Plaintiffs' other police-shooting experts. Together, those four experts address the core shooting record, including police practices, Monell causation and ratification, forensic pathology and sequencing, accident reconstruction and vehicle movement, and physical vehicle evidence. Defendants seek to exclude all four. If those

motions are considered for summary judgment and granted, Plaintiffs' expert record on the police shooting and Monell claims would be stripped away, leaving Defendants' contrary expert opinions as the only expert framework before the Court. That is not a trial evidentiary adjustment. It is a dispositive attack on the Rule 56 record.

10. Because the motions would, if granted for Rule 56 purposes, effectively determine the viability of Plaintiffs' police-shooting and *Monell* claims, they are functionally dispositive motions or, at minimum, dispositive-motion supplements. They therefore had to be filed by the February 2, 2026 dispositive-motion deadline, or at the latest with the summary-judgment papers, so that the Court could evaluate the expert challenges in the same Rule 56 context in which Defendants sought judgment.

11. Also on July 10, 2026, the Court entered an Electronic Order recognizing the timing problem. The Court stated that, "[i]n the usual course, disputes about the viability of expert reports that affect the summary judgment record would be filed at the same time as the summary judgment papers so that such disputes could be evaluated in that context." Docket No. 317. The Court therefore ordered the moving parties to state whether the expert motions have "a potential impact on the summary judgment record" and, if so, to identify "the precise statements of fact that are affected." Id.

12. Docket No. 317 did not retroactively extend the February 2, 2026 dispositive-motion deadline. It did not authorize Defendants to convert late Rule 702 trial motions into dispositive motions. It did not authorize new Rule 56 objections, new summary-judgment argument, new evidence, or a second summary-judgment record. It required a limited statement because the Court needed to know whether Defendants were attempting to do what they should have done in February: tie an expert-exclusion request to the summary-judgment record.

13. Defendants did not comply with Rule 16(b)(4), Local Rule 16.1(g), or Docket No. 234 before filing motions that, if considered for summary judgment, necessarily seek to modify the Court's scheduling order. Defendants filed Docket Nos. 308, 310, 312, and 314 without any motion to modify the scheduling order, without any showing of good cause, without any affidavit, without any evidentiary material, without any citation to pertinent portions of the record explaining why the February 2, 2026 dispositive-motion deadline could not reasonably have been met, and without any showing of extraordinary circumstances.

14. That omission is independently dispositive. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Local Rule 16.1(g), which the Amended Scheduling Order expressly incorporated, requires good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record. Docket No. 234 at 2. Defendants supplied none of those things. A party cannot obtain a retroactive extension of a dispositive-motion deadline by ignoring Rule 16, filing late expert motions after summary-judgment briefing closed, and then asking the Court to treat those motions as though they had been timely filed with the summary-judgment papers.

3

15. Nor did Docket No. 317 cure Defendants' failure. Docket No. 317 required Defendants to disclose whether their expert motions affect the summary-judgment record and, if so, to identify the precise statements of fact affected. It did not grant Defendants leave to modify the scheduling order, did not find good cause, did not find extraordinary circumstances, did not excuse Defendants' failure to file by February 2, 2026, and did not authorize Defendants to reopen the closed Rule 56 record.

16. Defendants' late expert motions should not be permitted to operate as untimely supplements to their summary-judgment motions. If Defendants believed Plaintiffs' expert opinions were inadmissible for purposes of summary judgment, Defendants should have raised those objections with the summary-judgment papers, in the Rule 56.1 record, or within the briefing schedule governing the dispositive motions.

17. Plaintiffs are severely prejudiced if Defendants' late expert motions are considered in connection with summary judgment. Plaintiffs would be required, on the eve of the July 29, 2026 summary-judgment hearing, to oppose multiple Rule 702 motions, respond to any July 17 "impact statements," determine whether those statements contain new summary-judgment arguments, and protect a summary-judgment record that closed months ago.

18. Local Rule 7.1 does not automatically authorize Defendants to file new argument through July 17 statements, nor does it require Plaintiffs to file separate responses to those statements absent leave or a Court order. Local Rule 7.1(b)(3) provides that all additional papers beyond the motion and opposition, including replies or otherwise, may be submitted only with leave of Court.

19. Rule 56(f) separately prohibits the Court from granting summary judgment on grounds not raised by a party, or from considering summary judgment on facts not identified as undisputed, without notice and a reasonable time to respond. Fed. R. Civ. P. 56(f). To the extent Defendants' late expert motions or July 17 statements seek to remove record evidence from the summary-judgment record, they effectively seek a new summary-judgment ground without the fair notice and response time required by Rule 56.

20. Plaintiffs do not ask the Court to abandon its Rule 702 gatekeeping authority. Plaintiffs ask only that Defendants not be allowed to use late-filed expert motions to ambush the summary-judgment record after the close of briefing and twelve days before oral argument.

21. The proper remedy is to strike or exclude Defendants' expert-exclusion motions from consideration in connection with summary judgment and to treat them, if necessary, as trial motions only.

22. In the alternative, if the Court intends to consider any expert-exclusion motion in connection with summary judgment, Plaintiffs request that the Court continue the July

4

29, 2026 hearing and enter a fair briefing order allowing Plaintiffs a full and meaningful opportunity to respond to each motion and any claimed summary-judgment impact.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order:

A. Striking or excluding Docket Nos. 308, 310, 312, and 314 from consideration in connection with the pending summary-judgment motions;

B. Deeming Docket Nos. 308, 310, 312, and 314 untimely dispositive motions or untimely dispositive-motion supplements to the extent Defendants seek to use them to affect the summary-judgment record;

C. Clarifying that Docket Nos. 308, 310, 312, and 314 will be treated, if necessary, as trial motions only and will be resolved after the pending summary-judgment motions;

D. Finding that Defendants failed to comply with Rule 16(b)(4), Local Rule 16.1(g), and Docket No. 234 because they filed the expert-exclusion motions without first moving to modify the scheduling order, without showing good cause, without submitting affidavits or evidentiary materials, and without demonstrating extraordinary circumstances;

E. Striking or disregarding any July 17, 2026 statement that fails to identify the precise Rule 56.1 statement of fact allegedly affected by the expert motion;

F. Striking or disregarding any July 17, 2026 statement to the extent it contains new argument, new evidence, new Rule 56 objections, or new summary-judgment briefing beyond the limited statement authorized by Docket No. 317;

G. Confirming that Plaintiffs are not required to file any response to any July 17, 2026 statement unless the Court orders a response after determining that the statement may affect summary judgment;

H. If the Court intends to consider any expert-exclusion motion in connection with summary judgment, continuing the July 29, 2026 summary-judgment hearing and entering a fair briefing schedule affording Plaintiffs a full and meaningful opportunity to respond;

I. Proceeding with the July 29, 2026 summary-judgment hearing on the existing summary-judgment record if the Court does not intend to consider Defendants' late expert motions for summary-judgment purposes; and

J. Granting such further relief as is just and proper.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2) of the United States District Court for the District of Massachusetts, undersigned counsel certifies that Plaintiffs' counsel attempted in good faith to confer with counsel for Defendants regarding the relief requested in this motion.

Specifically, on July 12, 2026, Plaintiffs' counsel contacted defense counsel by email and requested their position on Plaintiffs' proposed Emergency Motion to Strike or Exclude Defendants' Late Expert-Exclusion Motions From Consideration in Connection With Summary Judgment, or, in the Alternative, to Defer Those Motions Until After Summary Judgment and Enter a Fair Briefing Order. Attorney Thomas R. Donohue, counsel for certain individual Defendants, objected to the motion. Counsel for Defendant City of Fall River has not responded to Plaintiffs' conferral email as of the time of this filing.

Accordingly, despite Plaintiffs' good-faith effort to resolve or narrow the issues before filing, the motion is opposed by Attorney Donohue's clients, and no position has been received from counsel for the City of Fall River as of the time of filing.

Respectfully submitted,

**THE PLAINTIFFS,**

By their attorney,

*/s/ C. Samuel Sutter*
C. Samuel Sutter, BBO# 542496
Law Offices of Ronald J. Resmini
34 Borden Street
Fall River, MA 02721
(774) 488-4944
Css8311910@yahoo.com

DATED**:** July 13, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, a true copy of the above document was filed through the Court's CM/ECF system and will be served electronically upon all registered participants as identified on the Notice of Electronic Filing.

*/s/ C. Samuel Sutter*
C. Samuel Sutter

6